UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
At COVINGTON

CRIMINAL ACTION NO.2:09-CR-035-DCR                    *FILED ELECTRONICALLY*

UNITED STATES OF AMERICA                                              PLAINTIFF

vs.

KENNETH LESTER MULLIKIN, JR.                                         DEFENDANT

_____

**DEFENDANT'S SENTENCING MEMORANDUM**
_____

*Comes now* the Defendant, **KENNETH LESTER MULLIKIN, JR.,** by and through counsel, and respectfully submits this Sentencing Memorandum for the Court's consideration in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).  Defendant submits that a sentence below the statutory mandatory minimum and advisory guideline range is warranted, given the nature of the offense and the history and characteristics of Mr. Mullikin.  Counsel respectfully asks this Honorable Court to consider variance in Mr. Mullikin's case and impose a sentence of community confinement in a halfway house if any period of confinement is imposed by this Court.

I.  **Sentencing Options Under 18 U.S.C. §3553(a)**

It is well settled in federal sentencing that the federal sentencing guidelines are advisory only, not mandatory.  *United States v. Booker*, 125 S.Ct. 738 (Jan. 12, 2005).  Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by *Booker*,

> requires a sentencing court to consider Guidelines ranges, see 18
> U.S.C.A. §3553(a)(4) (Supp.2004, but it permits the court to tailor the

1

sentence in light of other statutory concerns as well, see §3553(a).

*Booker*, 125 S.Ct. at 757. Thus, under *Booker*, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. §3553(a).

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, §3553(a) establishes seven factors that shall be considered in imposing any sentence:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes; and (D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. The kinds of sentences available;

4. The kinds of sentence in the sentencing range established by the United States Sentencing Guidelines;

5. Any pertinent policy statement established by the Sentencing Commission;

>   6.   The need to avoid unwarranted sentence disparities among defendants with similar records or who have been found guilty of similar conduct; and
>
>   7.   The need to provide restitution to any victims of the offense.

District Courts may now consider even those mitigating factors that the advisory guidelines prohibit: e.g., poverty, drug abuse and addiction, dysfunctional family background, lack of guidance as a youth, etc. *U.S. v. Ameline*, 400 F.3d 646, 656 (9th Cir. 2005); 353 F. Supp. 984 (E.D. Wisc. 2005). "[N]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence". 18 U.S.C. §3661.

Even before *Booker,* the Sentencing Guidelines "place[d] essentially no limit on the number of potential factors that may warrant a departure." *Koon v. U.S.*, 518 U.S. 81, 106 (1996); *U.S. v. Coleman*, 188 F.3d 354, 358 (6th Cir. 1999) (*en banc*) (there are a "potentially infinite number of factors which may warrant a departure"). The Supreme Court said in *Koon v. U.S.,* that "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigates, sometimes magnify, the crime and the punishment to ensue." *Id* at 113.

## II.  Analysis Under 18 U.S.C. §3553(a)

**A. Nature of Offense.**  Kenneth Mullikin, Jr. entered a guilty plea to a single charge of Receipt of Child Pornography via the internet. While Mr. Mullikin neither sent images nor was ever directly involved in any offense against a child, he acknowledged his role in receiving, viewing and downloading images and videos containing child pornography. Mr. Mullikin's role in the offense

was limited to an approximate 18 month period.

  **B.  History and Characteristics of Defendant.**  Mr. Mullikin was born in Covington, Kentucky to the marital union of Helen and Kenneth Mullikin.  He is 58 years old and had been married to Johnna Merkle for 21 years. He is a loving father to one child, Madelaine, age 19.  Mr. Mullikin comes from a very large supportive family, many of whom wrote letters to the court on his behalf.  *See Exhibit Nos. 2 -16.*  He has worked all of his adult life, until the entry of his guilty plea. From 2005 through 2008, Mr. Mullikin was gainfully employed as a political consultant.

  Michael Ferguson is a high school graduate, who furthered his education at the Northern Kentucky University in Highland Heights, Kentucky.  By all accounts from his family, friends, and various community leaders and members, Mr. Mullikin is a good person who has significantly added value to his community and society as a whole.  *See Exhibit Nos. 2-16*.  Although finding himself facing the Court in this serious matter, he has never been in trouble before.  Mr. Mullikin has no juvenile or adult criminal history.  His first and only conviction (this case only) came at the age of 57 years old.

  At the time this offense was committed in 2007-2008, Mr. Mullikin had been leading a normal and law-abiding life.  This isolated criminal conduct marked a complete deviation from who he was raised by his parents to be.  Nevertheless, Mr. Mullikin has a strong desire to get his life back on track and has accepted responsibility for his behavior.

  Prior to this conviction, Mr. Mullikin had history of alcohol abuse.  He is a recovering alcoholic, having began drinking in his early teens into his late 50's.  Prior to and since the initiation of the instant charges, Mr. Mullikin has tried to better himself and the community in which he lives. *See Exhibit No. 1*.  He has sought and received treatment for alcoholism and mental health issues

4

(depression, ADHD). *See* PSI ¶37, 41-43. He also regularly attends church services at the jail.

      **C. The Need for the Sentence Imposed to Promote Certain Statutory Objectives.**

Section §3553(a)(2)(A) instructs district courts to craft a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. A number of factors determine whether a particular sentence is "just". "A 'just punishment' must take into account the cost of the defendant's criminal conduct and the cost society must undertake to punish for the offense." *U.S. v. Zakhor*, 58 F.3d 464, 466 (9th Cir. 1995). While Mr. Mullikin accepts full responsibility for his conduct and acknowledges the need for punishment, a sentence that would, impose a minimum amount of punishment and maximum amount of rehabilitative support is a reasonable one in this case.

      **1.    Protection of the Public**

Since his arrest, Mr. Mullikin has demonstrated that he is not a threat to public safety. Prior to his incarceration at the time of the entry of his guilty plea, he had been fully compliant with the conditions of release. He has no violent history or involvement with firearms. He has made every effort to continue employment (despite his felony conviction and the fact that his case was publicized on television) and his mental health counseling. A sentence of imprisonment in this case is greater than necessary to protect the public and will have the effect of removing a productive person from the community, with no way of repaying his restitution in this case to make society whole.

      **2.    Adequate Deterrence of Criminal Conduct.**

A sentence of community-based confinement with a lengthy term of supervised release provides adequate deterrence because the Court has the authority and option of incarceration in what appears to be the unlikely event that Mr. Mullikin engages in criminal activity.

**3. Defendant's Need for Education, Vocational Training, and Correctional Treatment.**

Mr. Mullikin's performance on pretrial release demonstrates that he does not need the controlled environment of incarceration to rehabilitate himself. Even while dealing with this case, he has supported his family and took proper advantage of mental health and alcohol abuse treatment.

**D.   The Need to Provide Restitution to any Victims of the offense.** While the PSI indicates that the restitution is not an issue in this case (See PSI at ¶69-70), Mr. Mullikin acknowledges that the community at large is a victim, and his own family and friends are suffering greatly from his conduct in this matter. *See Exhibit No. 2*. He wants an opportunity to pay for his crime as well as make it up to his child, family and community for his role in this offense. Counsel respectfully asks this Honorable Court to consider a variance and impose a sentence that would afford Mr. Mullikin the immediate opportunity to work and pay any fine amount. *See U.S. v. Blackburn*, 105 F.Supp.2d 1067 (D.S.D. 2000) (imprisonment counter-productive towards payment of child support, and court grants downward departure on its own motion to probation to make sure that defendant would be subjected to a longer term of supervision, which would have been possible if imprisonment imposed).

### III.   Grounds For Downward Departure / Variance

**1.   Provided Assistance to Federal Authorities.**

U.S.S.G. §5K1.1 and 18 U.S.C. §3553(e) allow the government to move this Honorable Court for a downward departure for Mr. Mullikin's assistance. While the motion is made at the *sole* discretion of the government, it is defendant's hope that the government would make such a motion,

given his effort and willingness to provide substantial assistance. Absent such a motion, defendant acknowledges that the statutory mandatory minimum sentence is 60 months, and would constitute a reasonable sentence in this case.

### 2. Length of Time Until First Crime.

A departure is warranted because the guidelines fail to consider the length of time a defendant refrains from the commission of his first crime. *See U.S. v. Ward*, 814 F.Supp. 23 (E.D. Va. 1993) In this case, Mr. Mullikin was 57 years old when the offense was committed.

### 3. Defendant Unlikely to Be A Recidivist.

A downward departure is warranted because as a first time offender at age 57, Mr. Mullikin is unlikely to be a recidivist. *See United States v. Nellum*, 2005 WL 300073, 2005 U.S. Dist. LEXIS (N.D. Ind. Feb. 3, 2005)(post *Booker*, in crack case where Guideline range was 168-210 months, imposing sentence of 108 months where, among other things unlikely to recidivate because of his age of 57, relying on government statistics). It is universally recognized that recidivism drops dramatically as a person gets older.

## IV. Conclusion

18 U.S.C. §3582(a) directs a district court to consider the factors set forth in 3553(a) before imposing sentence. 18 U.S.C. §3582(a) also recognizes that "imprisonment is not an appropriate means of promoting correction and rehabilitation." For the foregoing reasons, Kenneth Mullikin, Jr. respectfully submits that the following sentencing considerations would be sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a):

1. A minimum sentence of incarceration;

2. 5 year term of Supervised Release;

3. Special Assessment of $100;

4. An order to seek and maintain employment; and

5. An order to maintain mental health counseling and alcohol treatment.

Respectfully submitted,

*/s Wende C. Cross*
**WENDE C. CROSS**
*W.C. Cross & Associates, LLC*
3460 Reading Road
Cincinnati, Ohio 45229
(513) 861-7100
(513) 861-7101 fax

*Attorney for Defendant Kenneth L. Mullikin, Jr.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2009, I electronically filed the foregoing Sentencing Memorandum with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Anthony Bracke, Assistant United States Attorney.

*/s Wende C. Cross*
**WENDE C. CROSS**
*Attorney for Defendant Kenneth L. Mullikin, Jr.*