DAT: 6/16/09

CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON**

Eastern District of Kentucky
**FILED**

JAN 1 3 2010

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**CRIMINAL ACTION NO. 09-35-DLB**

**UNITED STATES OF AMERICA**                    **PLAINTIFF**

V.                    **PLEA AGREEMENT**

**KENNETH MULLIKIN**                    **DEFENDANT**

\* \* \* \* \*

1.  Pursuant to Federal Rule of Criminal Procedure 11, the Defendant will enter

a guilty plea to Counts 5 and 7 of the Indictment.  Count 5 charges the Defendant with a

violation of 18 U.S.C. § 2252(a)(2), Receipt of Child Pornography.  Count 7 alleges

forfeiture of computer equipment containing child pornography. The United States agrees

to move to dismiss at the time of sentencing the remaining counts of the Indictment pending

against the Defendant.

2.  The essential elements of Count 5 are:

(a)  That the Defendant knowingly received a visual depiction in interstate or
foreign commerce by any means, including by computer;

(b)  That the production of such visual depiction involved the use of a minor
engaging in sexually explicit conduct; and

(c)  That such visual depiction is of a minor engaged in sexually explicit
conduct; and

(d) That the Defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

3. As to Count 5, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) That during a time period from February of 2007 through July 17, 2008, in Campbell County, Kentucky, the Defendant used computer equipment in his residence to download, view, and store computer files containing visual depictions of minors engaged in sexually explicit conduct. He did this primarily through an internet chat program named mIRC.

(b) That the visual images in the downloaded files contained child pornography. The Defendant was aware that these files contained visual depictions of minors engaged in sexually explicit conduct and that the production of the visual depictions involved the use of minors engaged in sexually explicit conduct.

(c) That the images in the files had been transported in interstate or foreign commerce by the Defendant's use of the computer to receive the images through his internet connection with servers in Ohio and elsewhere.

(d) The computers and items listed in Count 7 of the Indictment were seized from the Defendant's residence on July 17, 2008 pursuant to the execution of a search warrant. A forensic examination of these items was conducted and revealed the presence of approximately 704 still images and 98 videos of minors engaged in sexually explicit conduct. Some of these images contain depictions of sadistic, masochistic, or violent behavior. Many of the images depict minors under the age of 12 engaged in sexually explicit conduct.

5 DCR

4. The mandatory minimum statutory punishment for Count ~~4~~ 5 is five years imprisonment. The maximum statutory punishment for Count ~~5~~ 5 DCR is twenty years imprisonment, a fine of not more than $250,000, and a term of supervised release of up to life. A mandatory special assessment of $100 applies. The Defendant will pay this

2

assessment to the U.S. District Court Clerk at the time of sentencing or as directed by the Court.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a)   United States Sentencing Guidelines (U.S.S.G.), November 1, 2008, manual, will determine the Defendant's guideline range.

(b)  Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct consists of the actions listed in Paragraph 3 of this Agreement.

(c)  Pursuant to U.S.S.G. § 2G2.2(a)(2), the base offense level is 22.

(d)  Pursuant to U.S.S.G. § 2G2.2(b)(1), decrease the offense level by 2 levels because the Defendant did not intend to distribute the material.

(e)  Pursuant to U.S.S.G. § 2G2.2(b)(2), increase the offense level by 2 levels for material involving a minor under 12 years of age.

(f)  Pursuant to U.S.S.G. § 2G2.2(b)(6), increase the offense level by 2 levels for the use of a computer in the receipt of the material.

(g)  Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), increase the offense level by 5 levels because the offense involved 600 or more images.

(h)  Pursuant to U.S.S.G. § 2G2.2(b)(4), increase the offense level by 4 levels for material that portrays sadistic or masochistic conduct or other depictions of violence.

(i)  Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.  No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7.  The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.  The Defendant reserves the right to argue for a sentence below the advisory guideline range.  The United States reserves the right to oppose such a sentence.

8.  The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution.  The waiver of the right to appeal the sentence and collaterally attack the sentence will not apply if the Defendant receives a sentence in excess of the high end of the guideline recommendation as finally determined by the Court.

9.  The Defendant agrees to the administrative or judicial forfeiture of the items listed in Count 7 of the Indictment and will execute any document necessary to facilitate the forfeiture.

10.  After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information.  The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs.

4

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that his attorney has fully explained this Agreement to him, and that his entry into this Agreement is voluntary.

JAMES A. ZERHUSEN
UNITED STATES ATTORNEY

Date: 6-11-09          By:

Anthony J. Bracke
Assistant United States Attorney

Date: 6-16-09

Kenneth Mullikin
Defendant

Date: 6-16-09

Mark Bubenzer
Attorney for Defendant

5

**APPROVED**, this _13th_ day of _January_ , ~~2008~~. 2010

U.S. DISTRICT JUDGE