UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 2: 09-35-DCR |
| | ) | and |
| V. | ) | Civil Action No. 2: 13-7256-DCR-HAI |
| | ) | |
| | ) | |
| KENNETH LESTER MULLIKIN, JR., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant/Movant Kenneth Mullikin Jr.'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 90] In accordance with local practice, the matter was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B).

On January 13, 2014, United States Magistrate Judge Hanly A. Ingram issued his report in which he recommended that Mullikin's motion be denied and that a Certificate of Appealability not be issued. [Record No. 98] Mullikin is represented by counsel in this habeas action but he has not filed objections to the Recommended Disposition within the time permitted. Having reviewed this matter, the Court will adopt the recommendations contained in the Magistrate Judge's Recommended Disposition. Mullikin's motion will be denied and a Certificate of Appealability will not be issues regarding any claim contained in his motion.

**I.**

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court agrees with the Magistrate Judge's recommendations concerning the issues raised by Mullikin's § 2255 motion. Additionally, Mullikin has not shown that a Certificate of Appealability should issue.[1]

**II.**

As outlined in the Recommended Disposition, Mullikin was indicted by a federal grand jury on April 9, 2009, and charged with five counts of knowingly receiving child pornography in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography in

---

[1] A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). Here, Mullikin has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

violation of 18 U.S.C. § 2252(a)(4)(B). Count seven alleged forfeiture of computer and related materials associated with the crimes alleged in the other counts. On June 16, 2009, Mullikin pleaded guilty to one count of receiving child pornography (Count 5) and the forfeiture allegation (Count 7).

Following a change of counsel, Mullikin filed a motion to withdraw his guilty plea on October 8, 2009. According to the Defendant, his motion was based on the claim that his first attorney had not filed a motion to suppress the evidence against him under the Sixth Circuit's decision in *United States v. Hodson*, 543 F.3d 286 (6th Cir. 2008). The Court scheduled a hearing on the Defendant's motion to withdraw his guilty plea. However, before the motion could be resolved, Mullikin's new counsel also moved to withdraw. Following appointment of a third attorney, a hearing on Mullikin's motion to withdraw his guilty plea was held on November 30, 2009. However, Mullikin's motion was denied in accordance with Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure. As indicated by the Magistrate Judge, this Court found, in relevant part, that probable cause supported the issuance of the search warrant in issue. Therefore, even if Mullikin had moved to suppress the evidence against him, the motion would not have been successful. Ultimately, Mullikin was sentenced to a term of incarceration of 97 months, followed by a life term of supervised release.

In his current motion, Mullikin again argues that his original attorney was ineffective for failing to file a motion to suppress. Additionally, he contends that his guilty plea was not knowing and voluntary because of his attorney's ineffectiveness. In essence, Mullikin argues that he would not have entered a guilty plea if he had known that "the government's case against

him was based exclusively upon evidence that had been unlawfully seized and was subject to suppression." [Record No. 92]

After outlining the standard of review applicable to Mullikin's claims, Magistrate Judge Ingram addressed the merit of the defendant's Fourth Amendment argument. [Record No. 98, pp. 7-15] In relevant part, the Magistrate Judge concluded that, "if a motion to suppress the evidence against Defendant based on [the arguments contained in his habeas petition] had been filed, it would have failed . . ." The undersigned again agrees with this conclusion.

The Court rejects Mullikin's argument that the search warrant issued by Campbell County District Judge Karen Thomas lacked probable cause.[2] Likewise, law enforcement did not exceed the scope of the first warrant during its execution. Further, the three remaining search warrants issued by Judge Thomas were not subject to suppression based on a claim of staleness under *United States v. Abboud*, 438 F.3d 554, 572 (6th Cir. 2006), or based on an argument that the warrants contained improperly-obtained information (and, therefore, should be suppressed under the fruit of the poisonous tree doctrine).

Finally, the Magistrate Judge correctly concluded that relief should not be granted based on Mullikin's argument that his attorney provided ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). Here, Mullikin cannot prevail on his Fourth Amendment claim which is the basis for his claim of ineffectiveness. Therefore, he cannot establish the

---

[2] The undersigned agrees with Magistrate Judge Ingram's conclusion that, "[b]ased on [the] information contained in the [supporting] affidavit, . . . there was more than a substantial basis for finding a fair probability that evidence of a crime would be found at Defendant's house, and specifically, on some electronic medium." [Record No. 98, p. 9] Likewise, the undersigned agrees that this case is distinguishable from *Hodson*.[*Id*., pp. 9-11]

necessary element of prejudice under *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986), and Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### III.

Mullikin has not demonstrated that he is entitled to collateral relief under 28 U.S.C. § 2255. Likewise, he has not shown that this Court should issue a Certificate of Appealability on any claim. Accordingly, it is hereby

**ORDERED** as follows:

1. The Recommended Disposition of Magistrate Judge Hanly A. Ingram [Record No. 98] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant Kenneth Mullikin's motion to vacate, set aside, or correct his sentence [Record No. 90] is **DENIED** and this matter is **DISMISSED** from the Court's docket.

3. A Certificate of Appealability shall not issue.

This 3rd day of February, 2014.



Signed By:
Danny C. Reeves  DCR
United States District Judge